# EXHIBIT A

FILED
5/10/2022 8:30 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 150th District Court

Case 5:22-cv-00611-JKP-HJB   Document 1-1   Filed 06/13/22   Page 2 of 18

**2022CI08657**

CAUSE NO. _____

| | | |
|---|---|---|
| RAFAEL & MARIANA HARLOW | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| VS. | § § | _____ JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | § § § § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Rafael and Mariana Harlow ("Plaintiffs"), Plaintiffs herein, files this Original Petition against Defendant, Allstate Vehicle and Property Ins. Co.. ("Allstate", "Defendant"), and, in support of her causes of action, would respectfully show the Court the following:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit and not that of an Expedited Action under Texas Rules of Civil Procedure 169.

### II. THE PARTIES

Plaintiffs own property made the basis of this lawsuit in Bexar County, Texas. Plaintiffs own the insured property, which is specifically located at 6606 Cedar Brush, San Antonio, TX 78257 (hereinafter referred to as "the Property").

1

Allstate can be served with citation by serving its agent for service of process, CT Corporation System, by certified mail return receipt requested, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

### III. CLAIMS FOR RELIEF

In an effort to comply with Texas law and procedure, Plaintiffs seek only monetary relief of $250,000.00 or less excluding, penalties, costs, pre-judgment interest and attorney's fees. Furthermore, Plaintiffs' damages do not exceed $250,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court per Texas Rules of Civil Procedure 47. As required by Rule 47 Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs currently seek only monetary relief of $250,000 or less, excluding penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate and attorney's fees.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

This Court has jurisdiction over Defendant, Allstate, because this Defendant engages in the business of insurance in the State of Texas by issuing policies to insureds in the State of Texas. Further, Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas. Plaintiffs would also show that Defendant, Allstate, has continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiffs

would also show that the cause of action arose from or relates to the contacts of Defendant, Allstate, to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

Furthermore, Plaintiffs would also show that Defendant, Allstate, engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practices and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in Texas, and recruits or has recruited Texas residents for employment inside or outside the state. Further, Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

Venue is proper in Bexar County because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Bexar County. Defendant engaged in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of the Defendant's business activities in the State of Texas.

## V. FACTUAL BACKGROUND

Plaintiffs are named insureds under a property insurance Policy number 000886495098 and Claim No. 0616596969 issued by Allstate which cover the property at issue during the date(s) of loss which are the subject of this lawsuit.

On February 15, 2021, or another date within the policy period, the insured owned a property which was insured by Allstate. On that day the property was severely damaged when a winter storm struck Bexar County and all of Texas. Thereafter, your insured reported damages to the property as permitted under the insurance policy. Consequently, Allstate assigned an adjuster who either failed to conduct a reasonable and thorough investigation of the insured property, or

intentionally ignored the visible damages covered under the above-referenced policy. The adjuster, and therefore Allstate, failed to spend the appropriate amount of time necessary to properly identify the damages at issue, and failed to properly interview the insured or explain the opinions and conclusions reached by the adjuster and Allstate regarding the claimed damages. Accordingly, the insured has not been able to make necessary repairs to restore the property.

Upon information and belief, and after a cursory inspection, the adjuster wrongfully undervalued the insured's claim. First of all, this adjuster ignored or overlooked covered damages to the property and failed to address entire portions of storm damage to multiple areas of our client's property. Specifically, the adjuster ignored obvious damage to the property's pool area as well as the interior and exterior of the home. As such, Allstate incorrectly calculated the true value of damage to the insured's property.

Regarding the pool area, when the water froze on February 15th, the pool's plumbing and equipment and the surrounding decking were damaged. The plaster of the pool was exposed to the cold weather above and near the water line and was severely damaged as a result. This specific plaster is not winterized can be damaged by snow and ice. As a result of the damages caused by the occurrence, pool's aggregate surface is not repairable. For that reason, the pool will need to be resurfaced.

As for the home itself, because of the pipes that burst inside the insured's dwelling, the drywall, framing, pipes, fixtures, and flooring will all need to be replaced. Furthermore, the bathroom on the second floor has leaking below its fixtures and the fixtures and the sub floor will need to be removed and replaced to access the leaking pipes. As with all instances of water damage, mitigating steps are required to prevent buildup of mold and rotting of the home's framework. Proper mitigating actions include the use of antimicrobial, antifungal, and anti-mold precautions

to fully prevent further frustrations, but the financial burden on Plaintiffs to do so has not been alleviated by Allstate. Moreover, it is apparent based on photos obtained by the insured and discussed with Allstate that the occurrence also resulted in damages to the roofing of the property due to the weight of ice and or snow on the roofing tiles. A damaged roof not only suffers a reduced lifespan in the protection of the home but allows for further damage from the elements and an increase to the Plaintiffs' struggles.

Nevertheless, even after complaints made to TDI and the retention of a public adjuster and other entities to help Allstate see additional damages were covered, the insured has not been able to resolve the dispute and now demands the damages discussed in the enclosed reports and detailed below. The insured complains the damages to the property should have been paid for by the insurer, minus deductible. Yet, this unreasonable investigation and improper claims handling resulted in the wrongful nonpayment of benefits owed to the insured under the policy. The adjuster that inspected the property, conducted a substandard investigation and inspection of the property, prepared a report that failed to include any of the damages that were apparent during the inspection, completely missing aforementioned damages and/or undervalued the damages that were observed during the inspection, all while exhibiting unprofessional behavior towards Defendant. Such improper conduct of the adjuster subjects INSURANCE DEFENDANT to liability for the causes of action pled herein.

Given the facts mentioned above, INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiffs' covered damages. As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully underestimated Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by

Plaintiffs. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiffs any valid reason for its offer of an inadequate settlement. Specifically, it failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately

settle Plaintiffs' claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiffs' claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiffs was forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## VI. CAUSES OF ACTION

Each of the foregoing paragraphs is incorporated by reference in the following:

Defendant, Allstate, is liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code and Deceptive Trade Practices Act; and breach of the common-law duty of good faith and fair dealing.

### A.  BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs. Defendant's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### B.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.  UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiffs's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

9

INSURANCE DEFENDANT'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### VII. KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### VIII. DAMAGES

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. In an effort to comply with Texas law and procedure, Plaintiffs seeks only monetary relief of $250,000.00 or less excluding interest, statutory or punitive damages, and penalties and attorney's fees and costs.

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the winter storm's assault on the Property have not been properly addressed or repaired in the months since their occurrence, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of its claim, as well as ten (10) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs is

entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. CONDITIONS PRECEDENT

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs pleads the doctrine of mutual mistake requiring information.

## X. JURY DEMAND

Plaintiffs hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas. Plaintiffs hereby tenders the appropriate

jury fee.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs prays that upon trial hereof, said Plaintiffs has and recovers such sum as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it is justly entitled to.

Respectfully submitted,

**FLORES & PELAEZ-PRADA, PLLC**
3522 Paesanos Parkway, Suite 301
San Antonio, Texas 78231
(210) 361-0070 (Telephone)
(210) 693-1312 (Facsimile)

By: _____
MARCO D. FLORES
State Bar No. 24027251
mflores@stormlex.com
JAKE ROGIERS
State Bar No. 24069066
jrogiers@stormlex.com

**ATTORNEYS FOR PLAINTIFF**



**CT Corporation**
**Service of Process Notification**
05/20/2022
CT Log Number 541613920

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Texas Litigation<br>ALLSTATE INSURANCE COMPANY - DFW CASUALT<br>8711 N FREEPORT PKWY #23<br>IRVING, TX 75063-2578 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RAFAEL & MARIANA HARLOW vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Certificate |
| **COURT/AGENCY:** | 150th Judicial District Court at Bexar County, TX<br>Case # 2022CI08657 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 05/20/2022 postmarked on 05/17/2022 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this Citation and Petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | JACOB ROGIERS<br>FLORES & PELAEZ-PRADA, PLLC<br>3522 Paesanos Parkway, Suite 301<br>San Antonio, TX 78231<br>210-361-0070 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/20/2022, Expected Purge Date: 05/25/2022<br><br>Image SOP<br><br>Email Notification,  Texas Litigation  texaslitigation@allstate.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



**CT Corporation**
**Service of Process Notification**
05/20/2022
CT Log Number 541613920

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

*RETURN SERVICE REQUESTED*



7021 1970 0000 4771 70__

Allstate Vehicle and Property Insurance Company BY SERVING
ITS REGISTERED AGENT C T Corporation Service Company
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136
Luis Herrera Citation Certified Mail 2022ci08657

US POSTAGE ™ PITNEY BOWES

ZIP 78204 $ 008.36⁰
02 4W
0000350931 MAY 17 2022

CERTIFIED MAIL  7021 1970 0000 4771 7663

Case Number: 2022CI08657

Rafael Harlow ET AL VS Allstate Vehicle and Property Insurance Company
(Note: Attached Document May Contain Additional Litigants.)

IN THE 150th District Court
BEXAR COUNTY, TEXAS

CITATION

**"THE STATE OF TEXAS"**
**DIRECTED TO:** Allstate Vehicle and Property Insurance Company
BY SERVING ITS REGISTERED AGENT C T Corporation Service Company
1999 Bryan Street Suite 900
Dallas TX  75201-3136

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said **PLAINTIFFS' ORIGINAL PETITION** was filed  **on this the 10th day of May, 2022.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT  **17TH DAY OF MAY, 2022.**

**JACOB ROGIERS**
**ATTORNEY FOR PLAINTIFF**
3522 Paesanos PKWY STE 301
San Antonio TX  78231-1231



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ *Luis Herrera*
Luis Herrera, Deputy

---

| Rafael Harlow ET AL VS Allstate Vehicle and Property Insurance Company | Officer's Return | Case Number: 2022CI08657 |
|---|---|---|
| | | Court: 150th District Court |

Came to hand on the 17th day of May, 2022, at  2:03 PM and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, 20_____, by delivering to: _____ at 1999 Bryan Street Suite 900 Dallas TX  75201-3136 a true copy of this CITATION, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with  PLAINTIFFS' ORIGINAL PETITION.
Cause of failure to execute this is
_____.



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: /s/ *Luis Herrera*
Luis Herrera, Deputy